UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JASON LEE SCHWESING, #254927**

    Petitioner,

                                           Civil No: 06-CV-13167
                                           Honorable Nancy G. Edmunds
                                           Magistrate Judge Donald A. Scheer

**v.**

**THOMAS PHILLIPS**,

    Respondent.
_____

## OPINION & ORDER DISMISSING HABEAS PETITION WITH PREJUDICE

**I. Introduction**

    This habeas matter is before the Court on Petitioner's *pro se* request for habeas relief pursuant to 28 U.S.C. §2254. Petitioner was convicted of second-degree home invasion and larceny of firearms. He was sentenced to two concurrent terms of four to fifteen years and two to five years imprisonment, respectively. Petitioner claims that his Fourteenth Amendment rights were violated due to a pre-arrest delay. He also asserts that he received ineffective assistance of counsel. Respondent has filed a "Motion for Summary Judgment" asserting that Petitioner has not filed his petition for habeas relief within the applicable statute of limitations pursuant to 28 U.S.C. §2244, thus requiring the dismissal of Petitioner's case. This Court entered an Order requiring Petitioner to respond to Respondent's "Motion for Summary Judgment" on June 6, 2007. Petitioner filed a responsive pleading on July 13, 2007. Respondent's "Motion for Summary Judgment" is presently before the Court for review. For the reasons set forth below, the Court grants Respondent's dispositive motion.

## II. Discussion

### A. Filing Chronology

Petitioner entered into a "no contest" plea relative to the above stated offenses on October 24, 1996 and was sentenced on March 14, 1997. Petitioner did not file an appeal of right or an application for leave to appeal from this conviction. On October 23, 2003, over six years later, Petitioner filed a motion for relief from judgment with the trial court relative to his March 14, 1997 conviction which was denied on May 24, 2004. Petitioner then filed a delayed application for leave to appeal in the Michigan Court of Appeals, which was denied on June 24, 2005. *People v. Schwesing,* No: 259787 (Mich. Ct. App. June 24, 2005). An application for leave to appeal was subsequently filed with the Michigan Supreme Court, which was also denied. *People v. Schwesing,* 474 Mich. 941; 706 N.W.2d 24 (Table) (Mich. Nov. 29, 2005). No petition for writ of certiorari was filed with the U.S. Supreme Court; and Petitioner's request for habeas relief was filed with this Court on July 12, 2006.

### B. Statutory Limitations Period

Because the habeas petition in this case was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir.2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

In the present case, after Petitioner's conviction on March 14, 1997, he had one year within which to file an appeal from his conviction. MCR 7.205(F). Since Petitioner did not file an appeal with the Michigan Court of Appeals, his conviction became final on March 15, 1998, at which time the one year statutory period of limitation began to run pursuant to 28 U.S.C. § 2244(d)(1)(A). Therefore, Petitioner had until March 16, 1999 to file a habeas petition relative to this matter, unless there was a time-tolling, collateral attack pending in state court. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Petitioner sought no post-conviction relief until over four years after the statutory period ran, October 23, 2003, at which time he filed a motion for relief from judgment with the trial court. However, a state court post-conviction motion that is filed following the expiration of the limitations period for seeking federal habeas relief cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2), because there is no period remaining to be tolled. See *Hargrove v. Brigano,* 300 F.3d 717, 718, n. 1 (6th Cir. 2002); see also *Jurado v. Burt,* 337 F.3d 638, 641 (6th Cir. 2003).

Petitioner has clearly exceeded the time frame in which to file a timely habeas petition under 28 U.S.C. § 2244(d)(1)(A).

**B. Petitioner's Claim that his Habeas Petition is Timely**

Petitioner filed a response to Respondent's summary judgment motion asserting that his motion for relief from judgment was not filed until October 23, 2003 because of a pending appeal in another related case which, according to Petitioner, was not resolved until May 2003. *People v. Schwesing,* No: 209543, 220876, 2000 WL 33405968 (Mich. Ct. App. Oct. 10, 2000)(per curiam) (hereinafter *Schwesing I*)[1]. Petitioner further claims that an appeal in this case would have been barred pursuant to the doctrines of res judicata and collateral estoppel, which precluded him from pursuing an appeal in this matter in a more timely fashion. Accordingly, Petitioner maintains that the statutory period for filing an appeal in this case was tolled during the pendency of the appeal in *Schwesing I* and his habeas filing is timely.

Under Michigan law, the doctrine of res judicata bars a second subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first. *Adair v. State,* 470 Mich. 105, 121; 680 N.W.2d 386 (2004). Michigan courts have adopted a broad res judicata doctrine, holding that it bars every claim arising out of the same transaction that the parties, exercising reasonable diligence could have raised but did not. *Id.* Similarly, Michigan courts hold that collateral estoppel applies when a party can establish three elements: (1) a question of fact essential to the judgment must have been actually litigated and determined by a valid and final

---

[1] In *Schwesing I*, Petitioner's convictions for first degree felony-murder and possession of a firearm during the commission of a felony were reversed and the matter was remanded for a new trial.

judgment; (2) the same parties must have had a full and fair opportunity to litigate the issue; and (3) there must be mutuality of estoppel. *Monat v. State Farm Ins. Co.,* 469 Mich. 679, 682-84; 677 N.W. 2d 843 (2004). The difference between the two is:

> Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action. Under the doctrine of collateral estoppel, on the other hand, the second action is upon a different cause of action and the judgment in the prior suit precludes litigation of issues actually litigated and necessary to the outcome of the first action.

*Parklane Hosiery Co., v. Shore,* 439 U.S. 322, 326 n. 5 (1979).

Petitioner's res judicata/collateral estoppel argument is based upon the gun and ammunition evidence link between *Schwesing I* and this case. In *Schwesing I,* Petitioner was convicted of murdering Innocencio Nunez in Detroit, Michigan with a firearm within the County of Wayne. In this case, Petitioner was convicted of larceny of firearms from the home of Gregory Haskey in Elmira Township, Michigan in Ostego County. One of those firearms was discovered to be the murder weapon used to kill Innocencio Nunez. In *Schwesing I,* it was found that Petitioner received ineffective assistance of counsel when his trial attorney failed to seek the suppression of the murder weapon. As a result, Petitioner's conviction was reversed on appeal.

Petitioner claims that this ruling was necessary in order to proceed on appeal in this case because had he known that the gun and ammunition evidence in *Schwesing I* was inadmissible, he not only wouldn't have pled "no contest" in this case and would have taken his chances at trial, but the finding by the state appellate court that the gun and ammunition evidence should have been suppressed in *Schwesing I* would have been beneficial toward the outcome of this case on appeal. Petitioner also asserts that he could not have raised the suppression issue in *Schwesing I,* while it was pending, and in this case on appeal, as he would have been barred from asserting the issue in

this case pursuant to the doctrines of res judicata/collateral estoppel. The Court finds that despite the pendency of *Schwesing I,* Petitioner should have pursued a timely appeal in accordance with MCR 7.205(F) and subsequent request for habeas relief pursuant to 28 U.S.C. § 2244(d)(1)(A), as the doctrines of res judicata/collateral estoppel are not implicated under these circumstances.

Res judicata is inapplicable because this case involved second-degree home invasion and larceny of firearms convictions. *Schwesing I* dealt with first-degree felony murder and possession of a firearm charges. The litigation of this matter, the second case, could not have been resolved in *Schwesing I,* as there were two different crimes arising from two different sets of facts involving two different victims. Therefore, the doctrine of res judicata would not have acted as a bar to the appeal relative to this matter.

Likewise, collateral estoppel is inapplicable in this case because Petitioner was not charged with second-degree home invasion or larceny of firearms during the *Schwesing I* trial and a determination of Petitioner's guilt or innocence was not made at the *Schwesing I* felony murder trial. Therefore, the issues in this case are not identical to those in *Schwesing I,* were not actually litigated and decided in *Schwesing I,* and were not necessary and essential to a judgment on the merits in *Schwesing I.* See *Hickman v. Commisioner,* 183 F.3d 535, 537 (6th Cir. 1999).

Similarly, with the appeal of this matter, although: (1) the issue of ineffective assistance of counsel was a claim raised in both *Schwesing I* and in this case; (2) the same attorney was representing Petitioner in both cases; (3) trial counsel was adjudicated as being ineffective in *Schwesing I* ; (4) the gun and ammunition evidence was allegedly the same evidence sought to be introduced in both cases; and (5) a determination about the admissibility of the gun and ammunition evidence in *Schwesing I,* was adjudicated as being inadmissible, it does not mean that the

circumstances under which the evidence was adjudicated as in admissible in *Schwesing I,* equate with those in this case.[2] Therefore, the actual litigation of counsel's ineffective representation and admissibility of the gun and ammunition evidence did not yield a valid and final judgment as to the evidence's admissibility in subsequent cases involving that same evidence. Accordingly, Petitioner's "no contest" plea, which he claims was entered into because he believed the gun and ammunition evidence would be used against him in a trial in this case due to its admissibility in *Schwesing I,* does not implicate the collateral estoppel doctrine.

Consequently, the doctrines of res judicata and collateral estoppel cannot be relied upon to justify the untimely filing of Petitioner's habeas petition.

**C. Equitable Tolling**

The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is not a jurisdictional bar and is subject to equitable tolling. In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir.2001), the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir.1988). The five parts of this test are: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent;

---

[2]In *Schwesing I,* the issue of ineffective assistance of counsel arose from the attorney's failure to file a motion to suppress evidence obtained as a result of Petitioner's warrantless arrest, as the attorney believed that Petitioner did not have standing to challenge the arrest. In this case, Petitioner is not re-arguing the claim of ineffective assistance of counsel, but desires the Court to find that the same evidence that was inadmissible in *Schwesing I,* should likewise have not been used to negotiate a "no contest" plea in this case.

and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Dunlap v. United States*, 250 F.3d at 1008.

A petitioner has the burden of demonstrating that he is entitled to equitable tolling. See *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir.2002). Equitable tolling is appropriate where extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, or where a defendant's conduct lulls the prisoner into inaction. *Flanders v. Graves*, 299 F.3d 974, 977 (8th Cir.2002). The doctrine applies "only when some fault on the part of the defendant has caused a plaintiff to be late in filing, or when other circumstances, external to the plaintiff and not attributable to his actions, are responsible for the delay." *Id.* Equitable tolling is an "exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 n. 3 (8th Cir.2001).

Petitioner's pleadings indicate that he was completely aware of the filing requirements relative to seeking an appeal and habeas relief relative to this matter, but chose not to meet those requirements because of the doctrines of res judicata and collateral estoppel. Ignorance of the law does not justify equitable tolling, even for a prisoner who is proceeding *pro se. Spencer v. White,* 265 F.Supp.2d 813. 818 (E.D. Mich. 2003). Even if Petitioner was unaware of the statute of limitations period relative to filing a habeas case in this matter, the same "ignorance of the law" principle applies. *Allen v. Yukins,* 366 F.3d 396, 402-03 (6th Cir. 2004).

Petitioner relies upon *Matthews v. Abramajtys,* 319 F.3d 780 (6th Cir. 2003) for the proposition that the statute of limitations period in this case should have been tolled while the appellate process was running its course in *Schwesing I.* However, *Matthews* is inapplicable, as that case only dealt with the motion filing activity and tolling of the statute of limitations in one case.

In this matter, Petitioner is attempting to piggy back on the findings of a one case in order to justify tolling the statute of limitations in another case.

### III. Conclusion

For the reasons stated, this Court concludes that Petitioner's habeas claim is time-barred. Accordingly, the habeas petition is **DISMISSED WITH PREJUDICE**.

IT IS HEREBY ORDERED that Respondent's "Motion for Summary Judgment" **[Doc. #7-1, filed, February 15, 2007]** is **GRANTED.**

IT IS FURTHER ORDERED that the "Petition for Writ of Habeas Corpus" **[Doc. #1-1, filed, July 12, 2006]** is **DISMISSED WITH PREJUDICE.**

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: September 5, 2007

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 5, 2007, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager